## Stewart *v.* Cunningham Piano Company, Appellant.

Argued October 10, 1935. Before Keller, P. J., Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

318

*Marshall A. Coyne,* with him *David J. Smyth,* for appellant.

*Joseph M. Smith,* with him *Joseph Neumann Smith,* for appellee.

OPINION BY KELLER, P. J., January 31, 1936:

The plaintiff was employed by defendant as a salesman under an oral contract which called for the payment of a weekly salary, and also certain commissions on sales made by him. The employment continued for many years, but was ended in April 1932. The weekly salary was paid in full; but the plaintiff, contending that he had not been paid his full commissions, brought this action of assumpsit for the balance alleged to be due him on that account.

The defendant, in its affidavit of defense, admitted an oral contract with plaintiff for commissions on goods sold, and that the rates of commission stated by him were correct, but set up a difference as respects when the commissions became due and payable on pianos sold on the deferred payment or lease plan. The plaintiff averred, in his statement, that, on goods sold on deferred payments, etc., the plaintiff's commissions became due when an amount over $50 in cash had been paid by the purchaser on account of said deferred payments. The defendant, on the other hand, in its affidavit of defense, alleged that the oral contract was that after $50 in cash had been paid by the purchaser the

plaintiff was then permitted to draw 25% of his commissions on account, and the balance could be collected after the purchaser or lessee had paid all of the instalments due under the lease in the event of no default on the part of the lessee; and that in the event of any default on the part of the lessee before the total rentals were paid there was no commission due the plaintiff but if any had been paid the same was charged back against his account.

If the plaintiff's version of the oral contract was the correct one, he was entitled to a verdict for the full amount claimed; if the defendant's account was accepted, it was entitled to a verdict under its counterclaim, for the plaintiff would then have been overpaid.

The trial judge left the dispute of fact to the jury who returned a verdict for the plaintiff. There was ample evidence to support it. In fact the defendant's counterclaim showed that payments had been made by it to the plaintiff in accordance with his version of the contract.

Defendant then moved the court below for judgment non obstante veredicto in its favor, or for a new trial, because of the provisions of certain 'due bills' which defendant had given plaintiff for the commissions claimed, inter alia, and which the plaintiff had produced at the trial, but the defendant had offered in evidence. The court below discharged the rules and the defendant appealed to this court.

It must be remembered that the pleadings related wholly to an oral contract; that plaintiff had not sued on the due bills, nor had defendant pleaded them as constituting the contract. They were not mentioned in the pleadings. The due bills were signed by, or on behalf of, the defendant, but not by the plaintiff. They were admissible, on the trial, not as the contract between the parties, but as shedding some light on what that contract was.

The due bill, in its original form, was as follows—the written insertions being printed in italics:

Lease No. *50506.* Philadelphia, *Oct. 1, 1922.*

### CUNNINGHAM PIANO COMPANY
#### 1101 Chestnut Street

LESSEE *Mary Saunders* Not Transferable

Will pay *W. S. Stewart*
*Thirty-one 25/100*                     Dollars
Upon terms and conditions stated on back.
*$31.25*                     P. J. Cunningham,
                                                  Treasurer.

The back of the due bill was as follows:

PAY FRIDAYS ONLY. NO DUPLICATE GIVEN IF LOST.

The holder of this due bill shall be entitled after Second payment is made by Lessee to draw 25 per cent only of the amount of cash which shall appear upon the books of the Company to have been paid by the Lessee. Provided, however, that the said Lessee shall make his or her payments according to agreement and not otherwise, and this Due Bill shall be delivered up to the drawer as fully cancelled and void when the several payments hereon shall equal its face, or in the event of the forfeiture of Piano by the Lessee.

Cunningham Piano Company reserves the right to cancel this Due Bill if they find that same was secured by or through misrepresentation.

| Date | Amount | Date | Amount |
|------|--------|------|--------|
|      |        |      |        |

Each due bill had, on its face, a calculation showing how the amount of the due bill was arrived at.

Subsequently, the face of the due bill was changed by stamping in large type on the line where the amount was written in, the words "WHEN OVER $50 CASH HAS BEEN PAID," so that the later form of due bill read, (taking another lease):

Lease No. *64158*    Philadelphia, *July 10, 1929.*

CUNNINGHAM PIANO COMPANY
1312-1314 Chestnut Street

LESSEE
*James J. Keeler*
Not Transferable

Will pay to    *Wm. S. Stewart*

*Eighteen 00/100* WHEN OVER $50 CASH HAS BEEN PAID    -    Dollars

Upon terms and conditions stated on back.

*$18.00*                    *P. J. Cunningham,*

Treasurer.

The back remained the same as in the original form.

Of 108 due bills produced by plaintiff, and offered in evidence by defendant, three were in the original form and 105 had the words "WHEN OVER $50 CASH HAS BEEN PAID" stamped on the line setting forth the amount of the due bill.

We find nothing in these due bills that requires either judgment non obstante veredicto in favor of the defendant or a new trial. In fact they do not support the defendant's contention. The terms and conditions on the back of the due bill do not say that after the Second payment is made by the lessee the holder shall be entitled to draw 25 per cent *of his commissions,* but that after such second payment is made by the lessee, the holder is entitled to draw 25 per cent "of the amount of cash which shall appear upon the books of the Company to have been paid by the Lessee." In its later or altered form the holder was not entitled to draw this 25% until over $50 in cash had been paid by the lessee. But when payments in cash amounting to over $50 had been made by the lessee, the plaintiff was entitled to, at least, 25% of those and subsequent cash payments,

not exceeding, of course, the amount of the due bill. Under this reading of the due bills, the plaintiff was entitled to his verdict. Nor do the due bills provide that payments made the plaintiff shall be charged back against him if the piano is forfeited by the lessee. A reasonable construction would seem to be,—especially so, when due consideration is given the provision stamped on the face of the due bills, in alteration of its terms—that the due bill is to be delivered up and cancelled when the payments made on account of it equal its face; and if the piano is forfeited, before the payments due the holder, under its terms, equal the face of the due bill, he loses his claim to further commissions, which is thereby cancelled and voided.

We agree with the learned court below that the case was one for the jury in the light of all the evidence and that nothing in the terms and conditions of the due bills, which were properly received in evidence, as shedding some light on the correct version of the oral contract, requires that their verdict should be disturbed.

Judgment affirmed.